# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA


EDWARD THOMAS KENNEDY

      Plaintiff,


      v.

Civil Action No. _3:18_-CV-777

**TRIAL BY JURY DEMANDED**


ROBERT EVANCHICK, in his official
and individual capacities,
BRADLEY J. GETZ,
in his official and individual capacities,
TYREE C. BLOCKER,
in his official and individual capacities,
RICHARD H. D'AMBROSIA,
in his official and individual capacities,
PENNSYLVANIA STATE POLICE,
LESLIE S. RICHARDS,
in her official and individual capacities,
PENNSYLVANIA DEPARTMENT
OF TRANSPORTATION, and
GREGORY D. JOHNSON,
in his official and individual capacities,

RECEIVED
SCRANTON

APR 1 0 2018

PER _____
DEPUTY CLERK


      Defendants.


## COMPLAINT PURSUANT TO RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT AND OTHER CAUSES OF ACTION

Plaintiff sues the Defendants, in their official and individual capacities, for operating a criminal enterprise, for violating Plaintiff's due process rights, vested property rights, constitutional rights, for misappropriating property, and for violating Plaintiff's statutory rights to obtain documents under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, known in Pennsylvania as the Right to Know Law ("RTKL") (65 P.S. § 67.101 et seq.) designed to guarantee that the public has access to public records of governmental bodies in Pennsylvania. The Defendants have systematically and continuously, over the last ten (10) years and more, conducted a corrupt enterprise in violation of the Racketeer Influenced and Corrupt Organization ("RICO") Act, all of which acts are continuing in nature. As grounds therefore, Plaintiff alleges as follows:

## I. INTRODUCTION

1. This is a civil action for violations of 18 U.S.C. § 1961 et seq. ("Racketeer Influenced and Corrupt Organizations Act" or "RICO"). RICO addresses the corrupt abuse and misuse – usually covertly – of organizations, entities, businesses, institutions or even governments or government agencies, such that superficially legitimate entities actually operate for criminal purposes irrelevant to the entity's purpose.

2. Plaintiff has filed Right to Know Law ("RTKL") requests for public records created or held by the Defendant Pennsylvania State Police ("Police"), and individual Defendants herein which records are of the public interest and importance to the citizens of the United States.

3. Considering important RTKL requests in particular, the Defendants have withheld documents from the Plaintiff to which the Plaintiff is entitled to by law under FOIA and RTKL laws concerning policies, practices and customs by the Pennsylvania State Police and the Pennsylvania Department of Transportation for persons, companies, countries, and other interests

to conduct business. In addition, the RTKL at issue concerns the Defendants, and in particular

Defendants Bradley S. Getz and Richard H. D'Ambrosia, and their managed and/or supervised

trespass on June 2, 2017, which led to kidnapping of the Plaintiff on August 30, 2017 in support of

their criminal enterprise, RTKL requests also concerning Defendant's extortion of fees and

payment for an alleged violation of US law for failure to carry a license. Defendants also violated

the Plaintiff's due process rights, and charged the wrong person, Exhibit 1, and Exhibit 2 in support

of the criminal enterprise. Upon information and belief, Plaintiff states that it is the custom, policy

and practice for Defendants Johnson, Richards, Blocker, Evanchick, Getz and D'Ambrosia to lie

under oath and breach their oath contracts in order to protect their criminal enterprise.

4.      Using concealed communications, upon information and belief, the Defendants

negotiated, arranged and managed their criminal enterprise.

5.      Defendants unlawfully withheld documents to which Plaintiff was entitled to under

the FOIA and RTKL laws.

## II. JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

1331.

7.      Jurisdiction is also proper pursuant to 18 U.S.C. § 1965, which allows for

nationwide jurisdiction pursuant to the Racketeer Influenced and Corrupt Organizations Act

("RICO"), 18 U.S.C. §§ 1961-1968.

8.      This Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. §

1367.

## III. THE PARTIES

-3-

9.      Plaintiff Edward Thomas Kennedy is an adult citizen and resident of Breinigsville, Pennsylvania, County of Lehigh and of full age.

10.      Plaintiff is a Roman Catholic Priest since 2013 and Papal Knight, Hospitaller Order, since 2008. Plaintiff holds a Masters degree in Business Administration from the University of Notre Dame Graduate School of Business (1977), now called Mendoza School. Professor G. Robert Blakey is an emeritus professor at Notre Dame Law School, and is known for writing the RICO laws. Plaintiff did not seek his advice or opinion.

11.      Plaintiff seeks to promote openness and transparency in the public interest within the Pennsylvania State Police, the Pennsylvania Department of Transportation, government and governmental actions for the benefit of the American people and citizens.

12.      Plaintiff initially signed and requested, pursuant to RTKL, the records set forth with regard to the RTKL requests at issue here. In particular, the Defendants have withheld documents from the Plaintiff to which the Plaintiff is entitled to by law under RTKL concerning emails, Pennsylvania State Police traffic tickets, contracts, oaths of office, full legal names, and international and interstate financial practices.

13.      The Plaintiff's injuries, including the deprivation of his legal rights and legally protected vested property rights, are proximately related to the illegal conduct of Defendants, each and every one of them, jointly and severally.

14.      Defendant Robert Evanchick is acting State Police Commissioner, and acted in all events relevant herein as an individual operating a criminal enterprise. He is a citizen of Pennsylvania. Evanchick is sued in his official and individual capacities.

-4-

15.    Defendant Bradley J. Getz is acting in all events relevant herein as an individual operating a criminal enterprise. He is a citizen of Pennsylvania. Getz is sued in his official and individual capacities.

16.    Defendant Tyree C. Blocker is State Police Commissioner, now recently retired. and acted in all events relevant herein as an individual operating a criminal enterprise. He is a citizen of Pennsylvania. Blocker is sued in his official and individual capacities.

17.    Defendant Richard H. D'Ambrosia is acting in all events relevant herein as an individual operating a criminal enterprise. He is a citizen of Pennsylvania. D'Ambrosia is sued in his official and individual capacities.

18.    Defendant Pennsylvania State Police is located in the Commonwealth of Pennsylvania. It is a municipal corporation and the public employer of Defendants D'Ambrosia, Getz, Evanchick and Blocker.

19.    Defendant Leslie S. Richards is Secretary, Pennsylvania Department of Transportation. She is a citizen of Pennsylvania. Richards is sued in her official and individual capacities.

20.    Defendant Pennsylvania Department of Transportation, is located in the Commonwealth of Pennsylvania. It is a municipal corporation and the public employer of Defendant Richards. [1]

21.    Defendant Gregory D. Johnson is a Notary who is holding an office for profit. He is a citizen of Pennsylvania. Johnson is sued in his official and individual capacities.

---

[1] Plaintiff plans to ask Defendant Richards under oath if the Pennsylvania Department of Transportation operates as a private membership association.

## IV. FACTS COMMON TO ALL COUNTS

22.     U.S. Law is what the US Supreme Court says it is. The U.S. Supreme Court says no license is necessary to drive an automobile on public highways and roads. Plaintiff Kennedy has the same rights in the roads and streets as the drivers of horses or those riding a bicycle or traveling in some other vehicle. House v. Cramer, 112 N.W. 3; 134 Iowa.

23.   The U.S. Supreme Court also says a guilty plea, by itself, does not bar a federal criminal defendant from challenging the constitutionality of the statute of conviction on direct appeal in Class v United States 16-424. [2]

24.     Trespass is when another person or thing enters or blocks land or property without lawful authority.

25.     The Commonwealth of Pennsylvania does not own Tillage Road, Breinigsville, Pennsylvania 18031.

26.     The Commonwealth of Pennsylvania does not own Schantz Road, Breinigsville, Pennsylvania 18031.

27.     Pennsylvania State Police and its employees have no authority to block roads at Tillage Road, Breinigsville, Pennsylvania 18031.

28.     Pennsylvania State Police and its employees have no authority to block roads at Schantz Road, Breinigsville, Pennsylvania 18031.

29.     On June 2, 2017, Pennsylvania State Police violated Plaintiff's civil rights, by violating plaintiff's civil rights by blocking roads at Tillage Road, Breinigsville, Pennsylvania 18031 and Schantz Road, Breinigsville, Pennsylvania 18031.

---

[2] http://www.scotusblog.com/case-files/cases/class-v-united-states/

30.     On June 2, 2017, Pennsylvania State Police violated Plaintiff's civil rights, by by trespassing and by breaking and entering into Plaintiff's residence at 401 Tillage Road, Breinigsville, Pennsylvania 18031.

31.     Pennsylvania State Police and its employees have no authority to trespass at 401 Tillage Road, Breinigsville, Pennsylvania 18031.

32.     Pennsylvania State Police and its employees had no authority to break and enter into 401 Tillage Road, Breinigsville, Pennsylvania 18031.

32.     Pennsylvania State Police and its employees had no authority to block the public roads on Tillage Road, Breinigsville, Pennsylvania 18031.

34.     It is criminal for Defendant Pennsylvania State Police and it's employees and agents to execute false warrants. Pennsylvania State Police has no legal authority to execute false warrants. Pennsylvania State Police executed a false warrant on June 2, 2017 against the Plaintiff at 401 Tillage Road, Breinigsville, Pennsylvania 18031.

35.     Pennsylvania State Police and its employees have a history of criminal activity. In the year 2000, Pennsylvania State Police Trooper Michael Evans pleaded guilty in October 2000 to sexual crimes committed against six women and teenage girls while on duty. He was sentenced to between five and ten years in custody.

36.     In September, 2007, Pennsylvania State Police Trooper Kevin Foley was arrested for the murder of a dentist, Dr. Yelenic, in Blairsville, Pennsylvania.

37.     In July, 2008, Pennsylvania State Police Trooper Kevin Coleman was charged with protecting an interstate prostitution ring based out of the Gables Truck Stop in Harrisburg, Pennsylvania.

38.     In May 2009, Pennsylvania State Police Trooper Shawn Dillard was found guilty by a federal court of using his position to protect an interstate prostitution ring based out of the Gables Truck Stop in Harrisburg, Pennsylvania, which is evidence of a pattern of interstate crimes. (This was the same investigation that led to the arrest of Trooper Coleman.)

39.     In early 2011, as a result of a lawsuit brought by the American Civil Liberties Union, the Defendant Pennsylvania State Police agreed to stop issuing tickets to people who swear.

40.     In January 2012, Lieutenant Barry Eugene Staub, the commander of the state police barracks in York was arrested for driving while drunk.

41.     In March, 2014 Trooper Barry M Searfoss, Jr. pleaded guilty to killing a woman while driving drunk in 2012.

42.     In February, 2017, Pennsylvania State Police in Harrisburg admit to cheating.  After allegations of cheating at the Pennsylvania State Police Academy, the state Office of Inspector General said that its investigation found evidence of cadet cheating, training problems and instructor misconduct.

43.     The months-long probe of the Defendant Pennsylvania State Police Academy found the academy created an environment that allowed cheating to occur because instructors provided cadets with answers to test questions and did not often change the content of tests, according to a statement released by Inspector General Bruce R. Beemer's office. [3]

---

[3] Source link here:
http://www.post-gazette.com/news/state/2017/02/03/Pennsylvania-probe-finds-cadet-cheating-instructor-misconduct-at-State-Police-academy/stories/201702030209 and link here: http://www.oig.pa.gov/Documents/Pennsylvania State Police%20Investigative%20Report%20Released%20(2)%20(OIG-16-0043-I).pdf.

44.     On or about June 2, 2017, police officers including the Pennsylvania State Police surrounded Plaintiff's residence at 401 Tillage Road, Breinigsville, PA 18031 between 2PM to 3PM Breinigsville time to allegedly enforce a Bench Warrant.

45.     On June 2, 2017, two police officers (unknown names) entered Plaintiff's residence and church at 401 Tillage Road, Breinigsville, PA 18031 at his second-floor bedroom door with deadly force to enforce a false Bench Warrant document addressed for Hellertown, PA 19055 and not Breinigsville, PA 18031.

46.     The United States law at 6 CFR 37.3 defines full legal name as an individual's first name, middle name(s), and last name or surname, without the use of initials or nicknames.

47.     Defendants Johnson, Richards, Blocker, Evanchick, Getz, and D'Ambrosia have no lawful Oaths of office. The Oath of office is a quid pro quo contract cf [U.S. Const. Art. 6, Clauses 2 and 3, Davis vs. Lawyers Surety Corporation., 459 S.W. 2nd. 655, 657., Tex. Civ. App.] in which clerks, officials, or officers of the government pledge to perform (Support and uphold the United States and state Constitutions) in return for substance (wages, perks, benefits). Proponents are subjected to the penalties and remedies for Breach of Contract, Conspiracy cf [Title 18 U.S.C., Sections 241, 242], Treason under the Constitution at Article 3, Section 3., and Intrinsic Fraud cf [Auerbach v Samuels, 10 Utah 2nd. 152, 349 P. 2nd. 1112,1114. Alleghany Corp v Kirby., D.C.N.Y. 218 F. Supp. 164, 183., and Keeton Packing Co. v State., 437 S.W. 20, 28]. Defendants breached their oath contracts.

48.     Defendants Johnson, Getz, Blocker, Evanchick, and D'Ambrosia violated Plaintiff's statutory right to obtain records and documents under the Pennsylvania Right to Know Law, Act of Feb. 14, 2008, P.L. 6, No. 3 from January 1, 2015 to March 30, 2018. Defendants Pennsylvania

-9-

Department of Transportation, Richards and Johnson conspired with Defendant Pennsylvania State Police to violate Plaintiff's rights and cause injury and damages by sharing Plaintiff's private information.

49.     Defendants Johnson, Richards Blocker, Evanchick, Getz, and D'Ambrosia and individual members of the Pennsylvania Department of Transportation and Pennsylvania State Police took oaths of office and promised to tell the truth, and not mislead, misconstrue, misrepresent or put false information into a Court of law or official, public records.

50.     Defendants Johnson, Richards Blocker, Evanchick, Getz, D'Ambrosia and individual members of the Pennsylvania Department of Transportation and Pennsylvania State Police do not use their full legal names.

51.     Individual Defendants Johnson, Richards, Getz, Evanchick, Blocker, and D'Ambrosia told lies under oath in order to hide their criminal enterprise.

52.     Defendant Pennsylvania State Police and its employee made false statements under oath to a court of law that Plaintiff Kennedy violated 75 § 1511 §§ A Failure to Carry a License, in the Court of Magisterial District Judge 12-3-02, Docket MJ 12302- TR- 0003146-2016.

53.     On 9/27/2016, Defendant Johnson extorted payment from the Plaintiff for fines and fees, in Exhibit 1 and 2, and as a Notary for Profit, Johnson lied under oath.

54.     It is the policy and custom for Defendants Pennsylvania State Police, Pennsylvania Department of Transportation and Defendants Johnson, Richards, Blocker, Evanchick, D'Ambrosia and Getz to violate The Laws of the United States  6 CFR 37.3, definition of the legal name, in order to hide and cover up their criminal enterprise.

-10-

55.    Defendants Johnson, Richards, Blocker, D'Ambrosia, Evanchick, and Getz took oaths, to tell the truth and not mislead, misconstrue, misrepresent and/or put false information into either official public records or courts of law, and Defendants Johnson, Richards, Evanchick, Blocker, D'Ambrosia, and Getz lied under oath, also called perjury.

56.    Defendants have misappropriated – that is, stolen – the documents which are U.S. Government property and Commonwealth of Pennsylvania property under relevant records management and archive laws governing U.S. Government and Commonwealth of Pennsylvania officials.

57.    Defendants have misappropriated – that is, stolen – the documents which the Plaintiff is entitled to as a vested property right and property pursuant to FOIA and RTLK laws.

58.    Plaintiff filed RTKL requests for records and was repeatedly denied.

59.    Compliance with RTKL was harmed and corrupted by the RICO Enterprise.

60.    Pennsylvania State Police did not comply with RTKL requests and Defendants concealed public records on a private server, or a server hidden from the Plaintiff's RTKL requests.

61.    Defendants have a legal obligation to keep, preserve, and disclose official records.

62.    Withholding of Public Records by Defendants is motivated by a corrupt enterprise.

63.    Defendants conspiracy to conceal, withhold, and destroy official records continues.

## The RICO Enterprise

64.    For any Racketeer Influenced and Corrupt Organization case, it is important to distinguish between legitimate organizations, businesses, and government offices and the abuse of those entities for illegal purposes by the unofficial, corrupt "enterprise."

-11-

Case 3:18-cv-00777-MEM   Document 1   Filed 04/10/18   Page 12 of 29

65.     This pattern of illegal activities committed by the Defendants, the "Predicate Acts," discussed below, were done with the purpose of financial gain and were done within the past ten (10) years and continuing.

66.     By the acts alleged herein, Defendants, each and every one of them, jointly and severally, have aided and abetted and conspired to violate FOIA and RTKL laws, through their ongoing criminal enterprise as set forth below.

67.     The law presumes generally that a person intends the obvious results of their actions.

### Predicate Criminal Acts of Anticipatory Obstruction of Justice

68.     Defendants could be charged and convicted of multiple, related violations of law which form a pattern and which violations are each potentially punishable by more than one year in jail constituting spoliation of evidence to avoid a subpoena.

69.     Sometimes called "anticipatory obstruction of justice," 18 U.S.C. § 1519 requires that: Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both.

70.     The Justice Department manual advises that Section 1519 makes prosecution much easier because it covers "any matters" or "'in relation to or

  
contemplation of' any matters." It adds, "No corrupt persuasion is required."

### Predicate Criminal Acts of Conspiracy to Conceal and Remove Official Records

71.    Defendants could be charged and convicted of multiple, related violations of law which form a pattern and which violations are each potentially punishable by more than one year in jail constituting concealment, removal, or destructions – or attempts to do so – of public records.

72.    18 U.S. Code § 2071 requires: (a) Whoever willfully and unlawfully conceals, removes, mutilates, obliterates, or destroys, or attempts to do so, or, with intent to do so takes and carries away any record, proceeding, map, book, paper, document, or other thing, filed or deposited with any clerk or officer of any court of the United States, or in any public office, or with any judicial or public officer of the United States, shall be fined under this title or imprisoned not more than three years, or both. (b) Whoever, having the custody of any such record, proceeding, map, book, document, paper, or other thing, willfully and unlawfully conceals, removes, mutilates, obliterates, falsifies, or destroys the same, shall be fined under this title or imprisoned not more than three years, or both; and shall forfeit his office and be disqualified from holding any office under the United States. As used in this subsection, the term "office" does not include the office held by any person as a retired officer of the Armed Forces of the United States. Predicate Criminal Acts of Conspiracy to Defraud United States

73.    Defendants could be charged and convicted of multiple, related violations of law which form a pattern and practice and which violations are each potentially punishable by more than one year in jail constituting of conspiracy to defraud the United States.

74.    18 U.S.C. § 371 provides: If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any

manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both. Predicate Criminal Violations of Federal Mail Fraud Statute,

### Predicate Criminal Violations of Federal Mail Fraud Statute, 18 U.S.C. § 1341

75.     Under 18 U.S.C. § 1341, the Defendants could be charged and convicted of multiple, related violations of law which form a pattern and practice and which violations are each potentially punishable by more than one year in jail constituting mail fraud.

76.     The Defendants Richards, Getz, Evanchick, Blocker and D'Ambrosia plus Gregory D. Johnson, Magistrate Judge 12-3-02, acted in criminal violation of the federal mail fraud statute under 18 U.S.C. § 1341 and "anticipatory obstruction of justice," 18 U.S.C. § 1519.

77.     18 U.S.C. § 1341 provides: a. Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this

-14-

title or imprisoned not more than 20 years, or both. If the violation occurs in relation to, or

involving any benefit authorized, transported, transmitted, transferred, disbursed, or paid in

connection with, a presidentially declared major disaster or emergency (as those terms are defined

in section 102 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C.

5122)), or affects a financial institution, such person shall be fined not more than $1,000,000 or

imprisoned not more.

### Predicate Criminal Acts of False Statements

78.     The Defendants could be charged and convicted of multiple, related violations of

law which form a pattern and practice and which violations are each potentially punishable by

more than one year in jail constituting false statements to officials of the U.S. Government in

violation of 18 U.S.C. § 1001. This statute provides: (a) except as otherwise provided in this

section, whoever, in any manner within the jurisdiction of the executive, legislative, or judicial

branch of the Government of the United States, knowingly and willfully – (1) falsifies, conceals, or

covers up by any trick scheme, or device a material fact; (2) makes any materially false, fictitious,

or fraudulent statement or representation; or (3) makes or uses any false writing or document

knowing the same to contain any materially false, fictitious, or fraudulent statement or entry shall

be fined under this title, imprisoned not more than 5 years or, if the offense involves international

or domestic terrorism (as defined in section 2331), imprisoned not more than 8 years, or both.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
*Misappropriation of Chattel Property (Common law crime)*

79.     Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs

as if fully set forth herein.

80.     Pursuant to Pennsylvania RTKL and FOIA as a federal law, the Plaintiff has a

vested property right to a copy of the records responsive to Plaintiff's RTKL requests.

81.     Plaintiff was deprived of the records as personal property (chattel) to which Plaintiff

is entitled.

82.     The Defendants have misappropriated the personal property (chattel) of Plaintiff,

with the intent to permanently deprive the Plaintiff and other information requestors of access to the

documents which the RTKL entitles them to receive.


### SECOND CAUSE OF ACTION
*Acquisition and Maintenance of an Interest in and Control of*
*an Enterprise Engaged in a Pattern of Racketeering Activity:*
*18 U.S.C. §§ 1961(5), 1962(b)*

83.     Plaintiffs repeat and re-allege each and every allegation of the foregoing

paragraphs as if fully set forth herein.

84.     During the ten (10) calendar years preceding January 30, 2018, all Defendants

did cooperate jointly and severally in the commission of two (2) or more of the RICO

predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and

did so in violation of the RICO law at 18 U.S.C. § 1962(b) (prohibited activities).

85.     Non-sovereign Defendants are each "persons" within the meaning of the

Racketeer Influenced and Corrupt Organizations Act. [The only true sovereign is God].

86.     Defendants operate as an "enterprise" within the meaning of RICO, the

activities of which effect interstate and foreign commerce.

87.     By virtue of the predicate acts described in this Complaint, including without limitations: kidnapping, mail and wire fraud, extortion, obstruction of justice, laundering of monetary instruments, engaging in monetary transactions improperly derived from unlawful activity, Defendants transferred, received, furthered and supplied financing and income that was derived, both directly and indirectly, from a pattern of racketeering activity in which each of them participated as a principal and used and invested, both directly and indirectly, such income and the proceeds of such income, in establishing, operating and furthering other illegal enterprises in violation of 18 U.S.C. § 1962(a).

88.     As a direct and proximate result of Defendants' violation of 18 U.S.C. § 1962(a), Plaintiff suffered the loss of valuable property, financial services and support, and suffered other physical, mental, business and pecuniary damages.

89.     Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, i.e. a continuing threat of their respective racketeering activities, also in violation of the RICO law at 18 U.S.C. § 1962(b) supra.

90.     18 U.S.C. § 1964(c) defines "racketeering activity" as follows:

*(1) "racketeering activity" means*

*(A) any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under State law and punishable by imprisonment for more than one year;*

*(B) any act which is indictable under any of the following provisions of title 18, United States Code: Section 201 (relating to bribery), section 224 (relating to sports bribery), sections 471, 472, and 473 (relating to counterfeiting), section 659 (relating to theft*

*from interstate shipment) if the act indictable under section 659 is felonious, section 664 (relating to embezzlement from pension and welfare funds), sections 891–894 (relating to extortionate credit transactions), section 1028 (relating to fraud and related activity in connection with identification documents), section 1029 (relating to fraud and related activity in connection with access devices), section 1084 (relating to the transmission of gambling information), section 1341 (relating to mail fraud), section 1343 (relating to wire fraud), section 1344 (relating to financial institution fraud), section 1351 (relating to fraud in foreign labor contracting), section 1425 (relating to the procurement of citizenship or nationalization unlawfully), section 1426 (relating to the reproduction of naturalization or citizenship papers), section 1427 (relating to the sale of naturalization or citizenship papers), sections 1461–1465 (relating to obscene matter), section 1503 (relating to obstruction of justice), section 1510 (relating to obstruction of criminal investigations), section 1511 (relating to the obstruction of State or local law enforcement), section 1512 (relating to tampering with a witness, victim, or an informant), section 1513 (relating to retaliating against a witness, victim, or an informant), section 1542 (relating to false statement in application and use of passport), section 1543 (relating to forgery or false use of passport), section 1544 (relating to misuse of passport), section 1546 (relating to fraud and misuse of visas, permits, and other documents), sections 1581–1592 (relating to peonage, slavery, and trafficking in persons)., [1] section 1951 (relating to interference with commerce, robbery, or extortion), section 1952 (relating to racketeering), section 1953 (relating to interstate transportation of wagering paraphernalia), section 1954 (relating to unlawful welfare fund payments), section 1955 (relating to the prohibition of illegal gambling businesses), section 1956 (relating to the laundering of monetary instruments), section 1957 (relating to engaging in monetary transactions in property derived from specified unlawful activity), section 1958 (relating to use of interstate commerce facilities in the commission of murder-forhire), section 1960 (relating to illegal money transmitters), sections 2251, 2251A, 2252, and 2260 (relating to sexual exploitation of children), sections 2312 and 2313 (relating to interstate transportation of stolen motor vehicles), sections 2314 and 2315 (relating to interstate transportation of stolen property), section 2318 (relating to trafficking in counterfeit labels for phonorecords, computer programs or computer program documentation or packaging and copies of motion pictures or other audiovisual works), section 2319 (relating to criminal infringement of a copyright), section 2319A (relating to unauthorized fixation of and*

-18-

*trafficking in sound recordings and music videos of live musical performances), section 2320 (relating to trafficking in goods or services bearing counterfeit marks), section 2321 (relating to trafficking in certain motor vehicles or motor vehicle parts), sections 2341–2346 (relating to trafficking in contraband cigarettes), sections 2421–24 (relating to white slave traffic), sections 175–178 (relating to biological weapons), sections 229– 229F (relating to chemical weapons), section 831 (relating to nuclear materials),*

*(C) any act which is indictable under title 29, United States Code, section 186 (dealing with restrictions on payments and loans to labor organizations) or section 501 (c) (relating to embezzlement from union funds),*

*(D) any offense involving fraud connected with a case under title 11 (except a case under section 157 of this title), fraud in the sale of securities, or the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), punishable under any law of the United States,*

*(E) any act which is indictable under the Currency and Foreign Transactions Reporting Act,*

*(F) any act which is indictable under the Immigration and Nationality Act, section 274 (relating to bringing in and harboring certain aliens), section 277 (relating to aiding or assisting certain aliens to enter the United States), or section 278 (relating to importation of alien for immoral purpose) if the act indictable under such section of such Act was committed for the purpose of financial gain, or*

*(G) any act that is indictable under any provision listed in section 2332b (g)(5)(B);*

91.     Plaintiff demands that judgment be entered against Defendants, each and every one of them, jointly and severally, including an award of trebled damages as consistent with 18 U.S.C. § 1964(c), compensatory and actual damages, reasonable attorneys' fees, pre-judgment interest, post-interest, costs, and an award that this Court deems just and

proper.

## THIRD CAUSE OF ACTION
### *Conduct and Participation in a RICO Enterprise through a Pattern of Racketeering Activity: 18 U.S.C. §§ 1961(5), 1962(c)*

92.     Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as if fully set forth herein, and specifically repeat and re-allege the allegations under the Second Cause of Action concerning RICO liability.

93.     All Defendants did associate with a RICO enterprise of individuals who were associated in fact and who engaged in, and whose activities did affect, interstate and foreign commerce.

94.     Likewise, all Defendants did conduct and/or participate, either directly or indirectly, in the conduct of the affairs of said RICO enterprise through a pattern of racketeering activity, all in violation of 18 U.S.C. §§ 1961(4), (5), (9), and 1962(c).

95.     During the ten (10) calendar years preceding January 30, 2018, Defendants did cooperate jointly and severally in the commission of two (2) or more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the RICO law at 18 U.S.C. § 1962(c) (prohibited activities).

96.     Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, i.e. a continuing threat of their respective racketeering activities, also in violation of the RICO law at 18 U.S.C. § 1962(c) supra.

97.     Plaintiff demands that judgment be entered against Defendants, each and every

one of them, jointly and severally, including an award of trebled damages as consistent

with 18 U.S.C. § 1964(c), compensatory and actual damages, reasonable attorneys' fees,

pre-judgment interest, post-interest, costs, and an award that this Court deems just and

proper.

## FOURTH CAUSE OF ACTION
### *Conspiracy to Engage in a Pattern of Racketeering Activity:*
### *18 U.S.C. §§ 1961(5), 1962(d)*

98.    Plaintiffs repeat and re-allege each and every allegation of the foregoing

paragraphs as if fully set forth herein, and specifically repeat and re-allege the allegations

under the Second Cause of Action concerning RICO liability.

99.    All Defendants did conspire to acquire and maintain an interest in a RICO

enterprise engaged in a pattern of racketeering activity, in violation of 18 U.S.C. §§

1962(b) and (d).

100.    During the ten (10) calendar years preceding January 30, 2018, all Defendants did

cooperate jointly and severally in the commission of two (2) or more of the predicate acts

that are itemized at 18 U.S.C. §§ 1961(1)(A) and (B), in violation of 18 U.S.C. § 1962(d).

101.    Plaintiffs further allege that all Defendants did commit two (2) or more of the

offenses itemized above in a manner which they calculated and premeditated

intentionally to threaten continuity, i.e. a continuing threat of their respective racketeering

activities, also in violation of 18 U.S.C. § 1962(d) (prohibited activities).

102.    Plaintiff demands that judgment be entered against Defendants, each and every

one of them, jointly and severally, including an award of trebled damages as consistent

with 18 U.S.C. § 1964(c), compensatory and actual damages, reasonable attorneys' fees,

-21-

pre-judgment interest, post-interest, costs, and an award that this Court deems just and

proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, each and every one of them, for the following:

I. An order enjoining Defendants from continuing to withhold any and all nonexempt records responsive to Plaintiff's Right to Know Law requests;

II. For injunctive relief that a forensic computer expert inspect and review the Pennsylvania State Police and Department of Transportation servers and its contents, including possibly-recoverable deleted emails, to locate any and all email messages which may be responsive to the Plaintiff's Right to Know Law requests and/or qualify as official records, official business, or documents that should be the property of the State, and also for further injunctive relief that any email messages which are truly private (according to the Court's understanding not by the Defendant's' self-serving definition) be maintained as confidential and be returned to the Defendants;

III. For the RICO violations, Breach of Oath of Office, and all US Code violations named in this complaint, Order a criminal investigation of the Defendants of the Defendants, Pennsylvania State Police and Department of Transportation;

IV. For the RICO violations, an award of trebled damages as consistent with 18 U.S.C. § 1964(c), compensatory and actual damages, reasonable attorneys' fees, pre-judgment interest, post-interest, costs and an award that this Court deems just and proper;

V. An order for Defendants to expeditiously produce, by a date certain, any and all non-exempt records responsive to Plaintiff's Right to Know Law requests and a Vaughn index of any responsive records withheld under a claim of exemption;

VI. An order pursuant to 18 U.S.C. § 2071(b) that Defendants Robert D. Johnson, Robert Evanchick and Leslie S. Richards be disqualified from holding any elected and/or appointed office under the United States;

VII. Plaintiff prays for in excess of $25 Million USD in compensatory damages and in excess of $200 Million USD in punitive damages, not including the trebled damages for the RICO causes of

action, against Defendants, each and every one of them jointly and severally;

VIII. Attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E) and any other provision of the Freedom of Information Act and the Pennsylvania Right to Know Law;

IX. Attorney's fees and other litigation costs reasonably incurred in this action pursuant to the Racketeer Influenced and Corrupt Organizations Act;

X. Order the public officials of Defendants Pennsylvania State Police and Pennsylvania Department of Transportation who are not using in public office in their full legal names to forfeit their offices or resign from office and/or require new elections and/or appointments where prospective candidates file for office in their full legal names;

XI. Enter an order declaring Defendants Pennsylvania State Police and Pennsylvania Department of Transportation, a criminal enterprise pursuant to the Racketeer Influenced and Corrupt Organizations Act;

XII. Enter an order declaring the conduct of Defendants Johnson, Getz, Blocker and D'Ambrosia, and Richards, unconstitutional;

XIII. Enter an order declaring the conduct of Defendant Pennsylvania State Police, unconstitutional;

XIV. Enter an order declaring the conduct of Defendant Pennsylvania Department of Transportation, unconstitutional;

XV. Order the Defendant Johnson to expunge from the official public records cases from Docket Number MJ-12302-TR0003147-2016 and Docket Number MJ-12302-TR0003148-2016 and return all Bonds created in the cases to the Plaintiff, and return all fees paid by the Plaintiff to the Plaintiff plus all Plaintiff's costs;

XVI. Enter an order that the Federal Reserve bank of New York buy no bonds created from Docket Number MJ-12302-TR0003147-2016 and Docket Number MJ-12302-TR0003148-2016, or return all bonds and proceeds from these cases to the Plaintiff;

XVII. Enter an Order that allows the Defendant Pennsylvania State Police to issue traffic tickets only on roads owned by the Commonwealth of Pennsylvania;

-23-

XVIII. Any other relief the Court deems just or proper.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed on April, 9, 2018.

## **JURY DEMAND**

Plaintiff respectfully demands a jury trial on all issues so triable.

Respectfully submitted,

Edward Thomas Kennedy, Pro Se  [MBA]
401 Tillage Road
Breinigsville, Pennsylvania 18031
pillar.of.peace.2017@protonmail.com
kennedy2018@alumni.nd.edu
Telephone: 415-275-1244
Fax: 570-609-1810

_____

Notice of Constitutional question to Pennsylvania Attorney General Shapiro forthcoming.

Exhibit 1 Docket Number MJ-12302-TR0003147-2016.

Exhibit 2 Docket Number MJ-12302-TR0003148-2016.

# Exhibit 1

# Magisterial District Judge 12-3-02

## DOCKET

Docket Number: MJ-12302-TR-0003147-2016

## Traffic Docket



Commonwealth of Pennsylvania

v.

Edward T. Kennedy

Page 1 of 2

### CASE INFORMATION

| | | | |
|---|---|---|---|
| Judge Assigned: | Gregory D. Johnson | Issue Date: | 09/25/2016 |
| OTN: | | File Date: | 09/27/2016 |
| Arresting Agency: | Newport PSP | Arrest Date: | |
| Citation #: | T 0539221-4 | Disposition: | Guilty Plea |
| County: | Dauphin | Disposition Date: | 11/14/2016 |
| Township: | Reed Township | Case Status: | Closed |

### STATUS INFORMATION

| Case Status | Status Date | Processing Status |
|---|---|---|
| Closed | 11/14/2016 | Completed |
| | 11/14/2016 | Case Balance Due |
| | 11/14/2016 | Case Disposed/Penalty Imposed |
| | 11/14/2016 | Awaiting Sentencing |
| | 11/14/2016 | Awaiting Plea |
| | 09/27/2016 | Awaiting Plea |

### DEFENDANT INFORMATION

| | | | |
|---|---|---|---|
| Name: | Kennedy, Edward T. | Sex: | Male |
| Date of Birth: | 10/25/1953 | Race: | White |

Address(es):
Home
Minersville, PA 17954

### CASE PARTICIPANTS

| Participant Type | Participant Name |
|---|---|
| Arresting Officer | Bradney, Steven A. |
| Defendant | Kennedy, Edward T. |

### CHARGES

| # Charge | Grade | Description | Offense Dt. | Disposition |
|---|---|---|---|---|
| 1 75 § 3362 §§ A2-17 | S | Exceed 55 MPH In Other Loc By 17 MPH | 09/25/2016 | Guilty Plea |

### DISPOSITION / SENTENCING DETAILS

| Case Disposition | Disposition Date | Was Defendant Present? |
|---|---|---|
| **Guilty Plea** | 11/14/2016 | No |

| Offense Seq./Description | Offense Disposition |
|---|---|
| 1  Exceed 55 MPH In Other Loc By 17 MPH | Guilty Plea |

MDJS 1200

Printed: 04/06/2018   2:29 pm

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on these docket sheets.  Docket sheet information should not be used in place of a criminal history background check, which can only be provided by the Pennsylvania State Police. Employers who do not comply with the provisions of the Criminal History Record Information Act (18 Pa.C.S. Section 9101 et seq.) may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# Exhibit 2

# Magisterial District Judge 12-3-02

## DOCKET

Docket Number: MJ-12302-TR-0003148-2016

# Traffic Docket

Commonwealth of Pennsylvania
v.
Edward T. Kennedy



Page 1 of 2

## CASE INFORMATION

| | | | |
|---|---|---|---|
| Judge Assigned: | Gregory D. Johnson | Issue Date: | 09/25/2016 |
| OTN: | | File Date: | 09/27/2016 |
| Arresting Agency: | Newport PSP | Arrest Date: | |
| Citation #: | T 0539222-5 | Disposition: | Guilty Plea |
| County: | Dauphin | Disposition Date: | 11/14/2016 |
| Township: | Reed Township | Case Status: | Closed |

## STATUS INFORMATION

| Case Status | Status Date | Processing Status |
|---|---|---|
| Closed | 11/14/2016 | Completed |
| | 11/14/2016 | Case Disposed/Penalty Imposed |
| | 11/14/2016 | Case Balance Due |
| | 11/14/2016 | Awaiting Sentencing |
| | 11/14/2016 | Awaiting Plea |
| | 09/27/2016 | Awaiting Plea |

## DEFENDANT INFORMATION

| | | | |
|---|---|---|---|
| Name: | Kennedy, Edward T. | Sex: | Male |
| Date of Birth: | 10/25/1953 | Race: | White |
| Address(es): | | | |

**Home**
Minersville, PA 17954

## CASE PARTICIPANTS

| Participant Type | Participant Name |
|---|---|
| Arresting Officer | Bradney, Steven A. |
| Defendant | Kennedy, Edward T. |

## CHARGES

| # Charge | Grade | Description | Offense Dt. | Disposition |
|---|---|---|---|---|
| 1 75 § 1511 §§ A | S | Fail To Carry Lic | 09/25/2016 | Guilty Plea |

## DISPOSITION / SENTENCING DETAILS

| Case Disposition | Disposition Date | Was Defendant Present? |
|---|---|---|
| **Guilty Plea** | 11/14/2016 | No |

| Offense Seq./Description | Offense Disposition |
|---|---|
| 1 Fail To Carry Lic | Guilty Plea |

Printed: 04/06/2018  2:30 pm

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on these docket sheets. Docket sheet information should not be used in place of a criminal history background check, which can only be provided by the Pennsylvania State Police. Employers who do not comply with the provisions of the Criminal History Record Information Act (18 Pa.C.S. Section 9101 et seq.) may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.



This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013; All rights reserved.



# PRIORITY
## ★ MAIL ★



U.S. POSTAGE
PAID
BREINIGSVILLE, PA
18031
APR 09, 18
AMOUNT
**$6.70**
R2305K137298-05

1005    18501

**FROM:**

Father Edward Kennedy

401 Tillage Road
Breinigsville, PA 18031

VISIT US AT USPS.COM
ORDER FREE SUPPLIES ONLINE

RECEIVED
SCRANTON
APR 10 2018
DEPUTY CLERK

**TO:** Peter J. Welsh,
Acting Clerk of Court
US District Court
Middle District of Pennsylvania
PO Box 1148
235 N. Washington Avenue
Scranton, PA 18501 - 1148

US AT USPS.COM®
FREE SUPPLIES ONLINE

UNI
POS