# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD THOMAS KENNEDY** | : | |
| Plaintiff | : | CIVIL ACTION NO. 18-777 |
| v. | : | (MANNION, D.J) (ARBUCKLE, M.J.) |
| **ROBERT EVANCHICK**, *et al.* | : | |
| Defendants | : | |

## MEMORANDUM

Pending before the court is plaintiff's objection, (Doc. 15), to Magistrate Judge William I. Arbuckle's order, (Doc.14), which denied plaintiff's motion to compel service of process. (Doc. 13). Upon review, the court deems plaintiff's objection is intended as an appeal of Judge Arbuckle's decision under 28 U.S.C. §636(b)(1)(A). Based on the following, plaintiff's appeal shall be **DENIED**.

## I. STANDARD OF REVIEW

When a United States Magistrate Judge decides a non-dispositive motion, as Judge Arbuckle did in this case, the district court sitting on appeal may only reverse the judge's decision if the ruling was "clearly erroneous or contrary to law." 28 U.S.C. §636(b)(1)(A) (setting forth standard of review when a magistrate judge rules on non-dispositive pre-trial motions);

Fed.R.Civ.P. 72(a) (reiterating the statutory standard); *see also U.S. v. Polishan*, 336 F.3d 234, 238-39 (3d Cir. 2003). A ruling is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *PA Prison Soc. v. Cortes*, 622 F.3d 215, 231 (3d Cir. 2010). (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). A reviewing court may not vacate a magistrate judge's decision because it would have decided the issue differently. *Id.* (quoting *Anderson v. Bessemer City*, 470 U.S. 564 (1985)).

**II.     DISCUSSION**

The court has reviewed Judge Arbuckle's order, as well as plaintiff's appeal and brief. When evaluating a plaintiff's motion to proceed *in forma pauperis*, the court generally follows a two-step process. *Brown v. Sage*, No. 17-1222, 2018 U.S. App. WL 4265705, at *2 (3d Cir. Sept. 7, 2018). First, the court looks to 28 U.S.C. §1915(a) to determine whether the plaintiff is financially eligible to proceed without prepayment of fees. *Id.* Second, the court screens the plaintiff's complaint to make sure that among other things; the complaint is not frivolous or malicious *Id.* (citing *e.g.*, 28 U.S.C. §1915(e)). In fact, plaintiff's complaint should be docketed as "lodged" until either the

court grants plaintiff's motion to proceed *in forma pauperis* or plaintiff pays the appropriate filing fees, then the complaint may be "filed." Hence, "the commencement or filing of the suit (under [§]1915(a)) depends solely on whether the affiant is economically eligible." *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)).

On October 5, 2018, Judge Arbuckle completed step one of the two step inquiry by issuing an order granting plaintiff's motion for leave to proceed *in forma pauperis*. (Doc. 17). As of October 5, 2018, plaintiff's complaint is officially filed and Judge Arbuckle may proceed by reviewing "the complaint to determine whether any claims are frivolous, malicious, or fail to state a claim upon which relief may be granted," as he indicated in his order that plaintiff has appealed here. (Doc. 14).

The appropriate time for the court to decide whether a complaint filed by a party proceeding *in forma paurperis* should be dismissed as frivolous or malicious, is before service. *Roman v. Jeffes*, 904 F.2d 192, 195 (3d Cir. 1990) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)). Therefore, since Judge Arbuckle has not yet screened plaintiff's complaint; plaintiff's request to compel service of process is not appropriate at this time.

## III. CONCLUSION

Based on the above, Judge Arbuckle's order is not "clearly erroneous or contrary to law." Thus, plaintiff's appeal shall be **DENIED**.

An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: October 10, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2018 MEMORANDA\18-777-01.docx