UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD THOMAS KENNEDY, | ) | CIVIL ACTION NO. 3:18-CV-777 |
| Plaintiff | ) | |
| | ) | (MANNION, D.J.) |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| ROBERT EVANCHICK, *et al.*, | ) | |
| Defendants | ) | |

<u>REPORT & RECOMMENDATION</u>

I.   INTRODUCTION

On April 10, 2018, Plaintiff Edward Thomas Kennedy ("Plaintiff") initiated this *pro se* civil action by filing a Complaint. (Doc. 1). On June 14, 2018, Plaintiff filed an Amended Complaint—the operative complaint in this case. (Doc. 9). In his Amended Complaint, Plaintiff names the following eleven (11) Defendants: Robert Evanchick; Bradley J. Getz; Tyree C. Blocker; Richard H. D'Ambrosia; Pennsylvania State Police; Leslie S. Richards; Pennsylvania Department of Transportation; Gregory D. Johnson; Thomas G. Saylor; Joshua David Shapiro; and the Commonwealth of Pennsylvania. (Doc. 9).

Plaintiff has been granted leave to proceed *in forma pauperis*. (Doc. 17). Because he is proceeding *in forma pauperis*, Plaintiff is subject to the screening provisions in 28 U.S.C. § 1915(e). *See Atamian v. Burns*, 236 F. App'x 753, 755 (3d Cir. 2007) ("the screening procedures set forth in 28 U.S.C. § 1915(e) apply

to *in forma pauperis* complaints filed by prisoners and non-prisoners alike"). Under this statute, the Court is required to dismiss any action that is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). *See Collins v. Cundy,* 603 F.2d 825, 828 (10th Cir. 1979) ("[T]here is no constitutional right to the expenditure of public funds and the valuable time of federal courts to prosecute an action which is totally without merit.").

After reviewing Plaintiff's Complaint, I conclude that it fails to state a claim upon which relief may be granted, and that granting further leave to amend would be both futile and inequitable given that Plaintiff is already litigating claims relating to the events that transpired on June 2, 2017, and August 28, 2017 through August 30, 2017—albeit asserted against different defendants—in the Eastern District of Pennsylvania. Accordingly, IT IS RECOMMENDED that Plaintiff's Amended Complaint (Doc. 9) be DISMISSED without further leave to amend, and without prejudice to pursuing claims related to the events that took place on June 2, 2017, and August 28, 2017 through August 30, 2017 in his Eastern District Case, *Kennedy v. Hanna*, 5:18-CV-0977 (E.D. Pa. Mar. 23, 2018).

II.     LEGAL STANDARD FOR SCREENING COMPLAINTS FILED BY LITIGANTS PROCEEDING IN FORMA PAUPERIS

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by litigants given leave to proceed *in forma pauperis*. Specifically, the Court is obliged to review the complaint in accordance with 28 U.S.C. § 1915(e)(2), which provides, in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
>     (A) the allegation of poverty is untrue; or
>
>     (B) the action or appeal--
>
>         (i) is frivolous or malicious;
>
>         (ii) fails to state a claim on which relief may be granted; or
>
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

In performing this mandatory screening function, the Court applies the same standard that is used to evaluate motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has observed the evolving standards governing pleading practice in the federal courts, stating that "pleading standards have seemingly shifted from simple notice

pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 209-10 (3d Cir. 2009). "[A] complaint must do more than allege the plaintiff's entitlement to relief." *Id.* at 211. It also "has to 'show' such an entitlement with its facts." *Id.*

To test the sufficiency of the complaint under Rule 12(b)(6), the court must conduct the following three-step inquiry:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Iqbal,* 129 S.Ct. at 1947. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.*

*Santiago v. Warminster Tp.*, 629 F.3d 121, 130 (3d Cir. 2010).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (*quoting Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* complaint must recite factual allegations that are enough to raise

the Plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

III. ANALYSIS

    A. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

On January 11, 2017, a criminal complaint alleging one count of harassment was filed against Plaintiff in Schuylkill County.[1] *Commonwealth v. Kennedy*, MJ-21301-CR-0000016-2017 (Magis. Ct., Schuylkill Cty.) (hereinafter *Kennedy I*). On January 12, 2017, Plaintiff alleges that multiple officers surrounded his residence in Breinigsville, Pennsylvania and threatened to arrest him. *Kennedy v. Getz*, No. 18-CV-3532, 2018 WL 4094967 at *1 (E.D. Pa. Aug. 27, 2018).

On January 17, 2017, a summons and fingerprint order were issued in connection with the pending harassment charge in Schuylkill County. *Kennedy I*, MJ-21301-CR-0000016-2017. On February 7, 2017, the summons was accepted. *Id.*

---

[1] Ruling on Motions to dismiss, the court generally relies only on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). Because the standards for dismissal for failing to state a claim under 28 U.S.C. § 1915(e) are the same as under a 12(b)(6) motion, the court may consider matters of which it may take judicial notice under 28 U.S.C. §§ 1915(e) and 1915A and under 42 U.S.C. § 1997e(c)." *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008) (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n. 2 (3d Cir. 1994)). Therefore, I take judicial notice of the State court criminal dockets associated with this case.

On March 17, 2017, the Schuylkill County Court of Common Pleas issued a bench warrant. *Commonwealth v. Kennedy*, CP-54-0000404-2017 (CCP, Schuylkill Cty.) (hereinafter, *Kennedy II*). The Common Pleas Court docket shows that, as of May 4, 2017, Plaintiff's arraignment notice was not returned. *Id.*

Plaintiff alleges that on August 28, 2017, he was "assaulted and falsely imprisoned by deputy sheriffs with the Lehigh County Sheriff's Department in the parking lot of a Target store. *Kennedy v. Getz*, 2018 WL 4094967 at *1. Plaintiff also alleges that, between August 28, 2017 and August 30, 2017, he was held at the Lehigh County Jail for some period. *Id.* On August 30, 2017, bail was set, and posted in Schuylkill County. *Kennedy II,* CP-54-0000404-2017. I infer that Plaintiff was held at Lehigh County Jail and then, at some point, taken to Schuylkill County.

On January 25, 2018, the harassment charge was dismissed under Rule 600 (speedy trial). *Id.*

These events inspired Plaintiff to file a flurry of federal lawsuits against various Defendants in both the Eastern and Middle Districts of Pennsylvania. *See In Re Kennedy*, Nos. 19-CV-0163 and 19-CV-0212, 2019 WL 331684 (E.D. Pa. Jan. 25, 2019) (summarizing each lawsuit filed in the Eastern District of Pennsylvania).

As far as I can tell, the first lawsuit related to these events was filed on March 23, 2018, in the Eastern District of Pennsylvania. Complaint, *Kennedy v. Hanna*, 5:18-CV-0977, ECF Doc. No. 3 (E.D. Pa. Mar. 23, 2018). This case is still pending. After filing his first lawsuit, Plaintiff continued to file similar lawsuits, each naming different defendants, in both the Eastern and Middle Districts despite repeated instruction from the Eastern District that he should seek leave to amend his Complaint in *Kennedy v. Hanna* instead of initiating a new lawsuit. *Kennedy v. Pennsylvania,* No. 18-CV-3374, 2018 WL 4100670 at *3 (E.D. Pa. Aug. 24, 2018) (dismissing Plaintiff's claims related to the events that took place on June 2, 2017, August 28, 2017 without prejudice to Plaintiff proceeding in Civil Action No. 18-977); *Kennedy v. Getz,* No. 18-CV-3532, 2018 WL 4094967 at *2 (E.D. Pa. Aug. 27, 2018) (dismissing Plaintiff's claims as malicious because Plaintiff, once again, asserted "claims concerning the events of June 2, 2017, August 28, 2017, as well as his incarceration from August 28-30, 2017," which were first asserted in Civil Action 18-977 and are still pending before Judge Jones).

On January 25, 2019, the Eastern District Court issued an order dismissing one of Plaintiff's Complaints as frivolous. *In Re Kennedy*, Nos. 19-CV-0163, 19-CV-0212, 2019 WL 331684 (E.D. Pa. Jan. 25, 2019). In its order, the Court also instructed that, because Plaintiff failed to heed its repeated warnings about duplicative filings, when filing lawsuits in the Eastern District of Pennsylvania

Plaintiff is now required to show cause "as to why he should be permitted to file complaints without paying the filing fees in future cases on issues already before the Court or unless he faces imminent danger." *Id.* at *11.

Plaintiff appears to have adopted a similar strategy in the Middle District of Pennsylvania. Although different defendants were named in each case, the Amended Complaint filed in this case is nearly identical to the one filed in another Middle District case, *see* Amended Complaint, *Kennedy v. Dutcavage*, 3:18-CV-00767, ECF Doc. 8 (June 16, 2018), and is directly related to the events of June 2, 2017, August, 28, 2017, and Plaintiff's incarceration from August 28, 2017 through August 30, 2017.[2]

### B.   PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A FEDERAL CLAIM UPON WHICH RELIEF CAN BE GRANTED

In headings in his Amended Complaint, Plaintiff asserts the following causes of action: (1) Trespass; (2) Trespass on the Case; (3) Trespass on the Case-

---

[2] A line-by-line comparison of the two Amended Complaints in *Kennedy v. Dutcavage* and this case shows that Plaintiff made modest changes to paragraphs 1, 2, 7, 8, 18, and 25. Plaintiff completely re-wrote paragraphs 26, 29, 30, and 31. Plaintiff also requested different forms of relief. Despite these changes, the Amended Complaints are essentially identical in substance.

On November 30, 2018, Plaintiff's Amended Complaint in *Kennedy v. Dutcavage* was dismissed because it contained a "series of conclusory statements" about violations of Plaintiff's rights allegedly committed by Defendants without "any facts to support those allegations." Order Dismissing Amended Complaint, *Kennedy v. Dutcavage*, 3:18-CV-00767, ECF Doc. 11 (Nov. 30, 2018).

Vicarious Liability; and (4) Failure to Provide a Republican Form of Government. In the section of his Amended Complaint devoted to Plaintiff's claim of "Failure to Provide a Republican Form of Government," Plaintiff references the United States Constitution. (Doc. 9, ¶ 27). Therefore, I construe this claim as arising under 42 U.S.C. § 1983.

"Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.,* 422 F.3d 141, 146 (3d Cir. 2005). "It is well settled that § 1983 does not confer any substantive rights, but merely 'provides a method for vindicating federal rights elsewhere conferred.'" *Williams v. Pennsylvania Human Relations Comm'n*, 870 F.3d 294, 297 (3d Cir. 2017) (quoting *Hildebrand v. Allegheny Cty.*, 757 F.3d 99, 104 (3d Cir. 2014)). To establish a claim under § 1983, Plaintiff must establish a deprivation of a federally protected right and that this deprivation was committed by a person acting under color of state law. *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005).

Liability in a § 1983 action is personal in nature, and to be liable, a defendant must have been personally involved in the wrongful conduct. In other words, defendants are "liable only for their own unconstitutional conduct." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds*

*sub nom. Taylor v. Barkes,* 135 S.Ct. 2042 (2015). Respondeat superior cannot form the basis of liability. *Evancho v. Fisher,* 423 F.3d 347, 353 (3d Cir. 2005). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). As this Court has explained:

> This personal involvement can be shown where a defendant personally directs the wrongs, or has actual knowledge of the wrongs and acquiesces in them. *Id.; A.M. ex rel. J.M.K. v. Luzerne County Juvenile Detention Center,* 372 F.3d 572, 586 (3d Cir.2004) (noting that "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"). Actual knowledge "can be inferred from circumstances other than actual sight." *Baker v. Monroe Twp.,* 50 F.3d 1186, 1194 (3d Cir.1995). Acquiescence is found "[w]here a supervisor with authority over a subordinate knows that the subordinate is violating someone's rights but fails to act to stop the subordinate from doing so, the factfinder may usually infer that the supervisor 'acquiesced' in (i.e., tacitly assented to or accepted) the subordinate's conduct." *Robinson v. City of Pittsburgh,* 120 F.3d 1286, 1294 (3d Cir.1997).

*Festa v. Jordan,* 803, F. Supp. 2d 319, 325 (M.D. Pa. 2001) (Caputo, J.) (internal footnote omitted).

Plaintiff's Amended Complaint contains very few factual allegations, and instead makes a series of conclusory statements about "violations" allegedly committed by Defendants, without any explanation as to what each Defendant did.

As noted above, mere legal labels and conclusions are not enough to raise Plaintiff's claimed right to relief above the level of speculation.

The closest Plaintiff comes to providing insight into what happened was his allegation that the events occurred on June 2, 2017, August 28, 2017, August 29, 2017, and August 30, 2017, that Defendants "Saylor, Shapiro, Evanchick, Johnson and Richards ignored Kennedy's Common law petition to vacate a void judgment," that "Defendant Thomas G. Saylor refused to provide Kennedy a Republican form of government by the fact that he refused Kennedy's certified letter requesting said form of government," and that "Defendant Saylor claims to be King and makes judgments from the "Kings Bench." Defendant Shapiro also claims to be royalty and/or nobility using the Esquire title." (Doc. 9, ¶¶ 8, 25).[3] The only specific factual allegation that appears under the section of Plaintiff's Amended Complaint devoted to his fourth cause of action—failure to provide a republican form of government— allegation that Defendant Saylor refused a certified letter on May 7, 2018. (Doc. 9, ¶ 25 n.2).

---

[3] Although Plaintiff does not provide any information about the identity of Thomas G. Saylor or Joshua David Shapiro, both of whom were added when Plaintiff filed his Amended Complaint, I infer that Plaintiff is referring to Chief Justice Thomas G. Saylor of the Pennsylvania Supreme Court and the Pennsylvania Attorney General Joshua David Shapiro. If my inference is incorrect, Plaintiff may provide clarification in an objection to this Report.

1.      Plaintiff's § 1983 Claims Against Defendants Evanchick, Getz, Blocker, D'Ambrosia, Richards, Johnson, Shapiro, or the Commonwealth of Pennsylvania Should be Dismissed Due to a Lack of Personal Involvement

Although in his fourth cause of action Plaintiff generally alleges that he was "injured by defendants with false arrests, false imprisonments and forced solitary confinements," and that Defendant Shapiro claims to be nobility. Aside from his allegation against Defendant Shapiro, Plaintiff does not discuss any specific conduct by Defendants Evanchick, Getz, Blocker, D'Ambrosia, Richards, Johnson, or the Commonwealth of Pennsylvania. (Doc. 9, ¶ 26). Furthermore, Plaintiff's assertion that Defendant Shapiro claims to be nobility does not imply any personal involvement.

Plaintiff also does not allege any plausible theory under which these Defendants are liable for the alleged conduct of Defendant Saylor. Instead, Plaintiff merely alleges that "each defendant is the agent of the other," (Doc. 9, ¶ 6). Therefore, to the extent Plaintiff alleges any § 1983 claims against Defendants Evanchick, Getz, Blocker, D'Ambrosia, Richards, Johnson, Shapiro, and the Commonwealth of Pennsylvania should be dismissed due to a lack of personal involvement.

        2.        Plaintiff's § 1983 Claim Against Defendant Saylor Should be Dismissed under Fed. R. Civ. P. 8

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." It is well-settled that: "[t]he Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed.R.Civ.P. 8(a)(2), and that each averment be 'concise, and direct,' Fed.R.Civ.P. 8(e)(1)." *Scibelli v. Lebanon County*, 219 F. App'x 221, 222 (3d Cir. 2007). Dismissal under Rule 8 is appropriate in "'those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Tillio v. Spiess*, 441 F. App'x 109, 110 (3d Cir. 2011) (quoting *Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d Cir.1995)).

With respect to Plaintiff's § 1983 claim against Defendant Saylor, it is completely unintelligible, and should be dismissed under Rule 8 of the Federal Rules of Civil Procedure. Plaintiff states, in relevant part that:

> 25.    Kennedy wishes Defendants to not breach their fiduciary duty to Kennedy. Defendant Thomas G. Saylor refused to provide Kennedy a Republican form of government evidenced by the fact that he refused Kennedy's certified letter requesting said form of government.
>
> . . . .
>
> 27.    The Constitution guarantees to every state a Republican form of government (Art. 4, Sec. 4). No state may join the United States

> unless it is a Republic. Our Republic is one dedicated to "liberty and justice for all." Minority individual rights are the priority.
>
> 28. The people have natural rights instead of civil rights. The people are protected by the Bill of Rights from the majority. One vote in a jury can stop all of the majority from depriving any one of the people of his rights; this would not be so if the United States were a democracy. The business model of Defendants is based on a foundation of deceptions, lies and fraud.

(Doc. 9, ¶¶ 25-28). In a footnote, Plaintiff explains that the certified letter in which he requested a republican form of government was "refused" on May 7, 2018. (Doc. 9, ¶ 25 n.2).

Plaintiff has raised this issue in other contexts and in other Courts. *See Kennedy v. United States,* 748, F. App'x 335, 335-36 (Fed. Cir. 2019) (dismissing claims for lack of jurisdiction); *Kennedy v. AT&T, Inc.*, No. 18-1317-RGA, 2018 WL 6188786, at *1 (D. Del. Nov. 27, 2018) (dismissing claims for lack of jurisdiction); *Kennedy v. Pennsylvania*, No. 18-3442, 2018 WL 5977968, at *7-8 (E.D. Pa. Nov. 14, 2018) (dismissing claim against IRS for failure to provide a republican form of government due to lack of standing). Although it is not clear because Plaintiff's complaint is improperly pleaded, to the extent he is attempting to raise a generally available grievance about the government, and he is seeking relief that no more directly and tangibly benefits him than it does the public at

large, he lacks standing to do so. *See Kennedy v. Pennsylvania*, 2018 WL 5977968, at *8.

Furthermore, Plaintiff appears to be asserting a claim against Defendant Saylor in his capacity as a judicial officer. Defendant Saylor is protected by judicial immunity. The doctrine of judicial immunity is "essential to the impartial administration of justice" because it allows judges to perform judicial duties without fear of civil liability. *Figueroa v. Blackburn,* 208 F.3d 435, 440 (3d Cir. 2000) (citing *Randall v. Brigham*, 74 U.S. 523, 536 (1868)); *see also Mireles v. Waco*, 502 U.S. 9 (1991) ("[G]enerally, a judge is immune from a suit for money damages."). Judicial immunity specifically applies to judicial actions, such as the issuance of arrest warrants, rulings on bail requests, and probable cause determinations at preliminary hearings. *See Pokrandt v. Shields,* 773 F. Supp. 758, 764–65 (E.D. Pa. 1991); *see also Fox v. Castle,* 441 F. Supp. 411, 413 (M.D. Pa. 1977). Therefore, Plaintiff's claim against Defendant Saylor should be dismissed because Defendant Saylor is immune from suit.

### C. PLAINTIFF'S STATE LAW CLAIMS SHOULD ALSO BE DISMISSED UNDER RULE 8

The other three causes of action identified by Plaintiff in his Amended Complaint all appear to be state law claims (Trespass, Trespass on the Case, and Trespass on the Case-Vicarious Liability). These remaining state law claims also

fail, as Plaintiff does not provide any facts or identify Defendants or any conduct by Defendants to support his claims. *See Walsh v. Lynett Family*, 2016 WL 4015041, *2 n.1 (M.D. Pa. July 27, 2016) (dismissing plaintiff's claim without discussion where plaintiff "recites the names of alleged causes of action . . . without any further explanation or development of facts or elements to support such causes of action") (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009)).

### D. PLAINTIFF SHOULD NOT BE PERMITTED LEAVE TO AMEND HIS COMPLAINT

"[I]f a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). Allowing Plaintiff to amend his complaint would be futile and inequitable in this case. It appears that all claims asserted in Plaintiff's Amended Complaint relate to the events that took place on June 2, 2017 and August 28, 2017, and Plaintiff's incarceration from August 28, 2017 through August 30, 3017. (*see* Doc. 9, ¶ 18). Plaintiff has already filed a lawsuit related to these events, allowing Plaintiff to amend his complaint to pursue duplicative claims related to those pending in the Eastern District would also be futile. Furthermore, the Amended Complaint filed in this action does not include any new claim relating to these events that has any arguable merit. Therefore, I recommend that Plaintiff be denied leave to amend,

and that this case be dismissed without prejudice to Plaintiff's pursuit of all claims related to the events of June 2, 2017 and August 28, 2017 through August 30, 2017 in *Kennedy v. Hanna*, 5:18-CV-0977 (E.D. Pa. Mar. 23, 2018).

Plaintiff also appears to allege conduct by Defendant Saylor that occurred on May 7, 2018. To the extent this claim could be construed as unrelated to the other events, Plaintiff should also be denied leave to amend this claim because, as noted earlier, Defendant Saylor is protected by judicial immunity.

IV. RECOMMENDATION

IT IS RECOMMENDED THAT:

(1) Plaintiff's Amended Complaint (Doc. 9) be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) without further leave to amend, and without prejudice to pursuing his claims related to the events that took place on June 2, 2017, August 28, 2017, and his incarceration from August 28, 2017 through August 30, 2017 in his pending case in the Eastern District of Pennsylvania.

(2) The Clerk of Court CLOSE this case.

Date: May 1, 2019                           BY THE COURT

*s/William I. Arbuckle*
William I. Arbuckle
U.S. Magistrate Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD THOMAS KENNEDY, ) | CIVIL ACTION NO. 3:18-CV-777 |
| Plaintiff ) | |
| ) | (MANNION, D.J.) |
| v. ) | |
| ) | (ARBUCKLE, M.J.) |
| ROBERT EVANCHICK, *et al.*, ) | |
| Defendants ) | |

### NOTICE OF RIGHT TO OBJECT

NOTICE IS HEREBY GIVEN that any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Date: May 1, 2019                              BY THE COURT

                                               *s/William I. Arbuckle*
                                               William I. Arbuckle
                                               U.S. Magistrate Judge